## CLARK v RUBINSTEIN
Ohio Appeals, 8th Dist, Cuyahoga Co
Decided June 17, 1929

Moses H. Dixon, Cleveland, for Clark.
Joseph Rubinstein, Cleveland, for Rubinstein.

**VICKERY, PJ.**

There were three theories on which this action might have been maintained. The first would be on the ground of a lien,— the materials being furnished by Rubinstein which went into the property of Ella Clark; but there is no evidence in the record that he perfected a lien. The second theory would be that Turner had a claim against Ella Clark and had assigned that claim to Rubinstein and whatever was due to Turner by Ella Clark could be recovered on this assignment, even though the suit was brought in his own name. This was not done either. The only other theory under which this suit could have been maintained was upon the theory that Rubinstein was the principle, either undisclosed or disclosed, and that Turner was merely in his employ and the contract, although in the name of Turner, was really a contract between Ella Clark and Rubinstein; and inasmuch as the court could only have found on one of these three theories, and the other two being negatived, it must have been upon the third theory that the court found a judgment in favor of Rubinstein against Ella Clark. So it becomes important to examine the bill of exceptions; and upon examination of the bill of exceptions we find that there is no certificate by the trial judge that it contains **all** the evidence and the assumption would be that inasmuch as the court could not have found for the plaintiff without evidence, being introduced in the case to show that the relation of an undisclosed principle or perhaps of a disclosed principle existed the court must have found that the contract was made between Ella Clark and Rubinstein, although Turner's name was used in the contract.

A reviewing court must assume that the trial court had evidence before it upon which to base its judgment unless the contrary appears and the bill of exceptions not being complete or at least having no certificate that it contains **all** the evidence we must assume that the court had proper evidence before it to sustain its finding. With that in view we find there is no error in this record and the judgment of the lower court will be affirmed.

Levine and Sullivan, JJ, concur.